IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 24-03976 (MCF) |
| ROBERTO ROSADO CRUZ | CHAPTER 13 |
| Debtor | |
| ROBERTO ROSADO CRUZ | ADVERSARY CASE NO. 25-053 MCF |
| Plaintiff | |
| v. | |
| BANCO POPULAR DE PUERTO RICO | |
| Defendant | |

OPINION AND ORDER

The court must resolve whether the complaint for violations under the Fair Debt Collection Practices Act survives a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012. The court conducted an oral hearing on the motion to dismiss. The parties presented their arguments. The matter was taken under advisement. Both parties agreed that the court could review the proof of claim filed by Banco Popular de Puerto Rico, as the claim was referenced in the complaint and by the parties in their arguments.

The Plaintiff, Roberto Rosado Cruz, alleges in the adversary complaint that the Defendant, Banco Popular de Puerto Rico, is a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6). In Count One of the complaint, the Plaintiff accuses Banco Popular of using false or misleading representations in its proof of claim in violation of 15 U.S.C. § 1692e. In Count Two of the complaint, the Plaintiff avers that Banco Popular used

unfair or unconscionable means by attempting to collect" unauthorized charges for a title search and bankruptcy fees as prepetition defaults in its proof of claim in violation of 15 U.S.C. § 1692f. Banco Popular filed a motion to dismiss, claiming, among other things, that it is not a debt collector because it is the originator of the loan in 2015 and the current creditor of said loan.

When evaluating a dismissal motion, the court's objective is to assess whether the factual allegations in the plaintiff's complaint establish a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Foley v. Wells Fargo Bank*, N.A., 772 F.3d 63, 71 (1st Cir. 2014). The court is required to accept all factual allegations in the complaint as true. *Foley,*772 F.3d at 71. The primary purpose of such a motion is to dismiss cases that lack plausible claims; therefore, plaintiffs need not present evidence at this stage but allege enough facts to state a plausible claim for relief. *Id.* at 71.

The court reviews the allegations of the complaint to assess whether the Plaintiff has alleged enough facts to support its allegations that Banco Popular is a debt collector that violated FDCPA. The complaint states in Paragraph 7 that Banco Popular "acts as a loan servicer and engages in debt collection activities."  In Paragraphs 7 and 18, the complaint affirms, in a conclusory manner, that Banco Popular is a debt collector as such term is defined in 15 U.S.C. § 1692a(6).[1]  Paragraph 14 avers that Banco Popular "acts as the servicer and mortgage collector of

---

[1]  15 U.S.C. § 1692a(6) provides that "[t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6) [15 U.S.C.S. § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

the 'Consumer Debt'[2] on behalf of Ginne Mae."[3]  The Plaintiff alleges in Paragraph 15 that "[a]t the time [Banco Popular] acquired the servicing rights to the Consumer Debt, the Consumer Debt was in default."  The Plaintiff later states in Paragraph 21 that "[a]s of that date and when the Voluntary Petition was filed, Plaintiff was current on the Consumer Debt."  The following paragraph claims that Banco Popular "falsely alleged that Plaintiff was in default and falsely asserted an 'Amount necessary to cure any default' of $1,131.47. *See* Proof of Claim No. 5-1, p. 6."

The complaint in Paragraph 11 mentions that the Plaintiff entered a loan transaction to purchase his home sometime before filing his voluntary petition (September 20, 2024). The complaint fails to mention that the loan was originated by Banco Popular in 2015, and that the note was payable to Banco Popular de Puerto Rico, as reflected in Proof of Claim No. 5-1 at 7, 11, 37, & 41.  Proof of Claim No. 5-1 identifies Banco Popular de Puerto Rico as both the creditor and servicer for Ginne Mae I.  Proof of Claim No. 5-1 at 1 and 5. The complaint does not contain any factual allegation as to any debt that the Plaintiff may have with Ginnie Mae I.  Nor does the complaint cover any factual allegation regarding the Plaintiff's default with the Ginnie Mae I debt,

---

(C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor."

[2] The Consumer Debt described in Paragraph 11 of the complaint is a residential mortgage loan incurred for personal, family and household purposes.  Docket No. 1, at 3.
[3] In Proof of Claim No. 5-1 filed in the legal case, Banco Popular is identified as both, the creditor and servicer for Ginnie Mae I. Case No. 24-03976, Proof of Claim No. 5-1 at 1 and 5.

-3-

such as the amount of the default and the time period of the default when Banco Popular acquired the servicing rights for Ginnie Mae I.

It is well-settled that a "debt collector" does not include a consumer's creditors, such as banks and credit unions, seeking to collect on their own accounts." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). *See also Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003) ("[A] creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts."); *Rajapakse v. Credit Acceptance Corp.*, No. 19-1192, 2021 U.S. App. LEXIS 6591, 2021 WL 3059755, at *3 (6th Cir. Mar. 5, 2021) ("[A] debt owner, who seeks to collect a debt for itself, is not a debt collector as defined by the FDCPA"); *Swallow v. Wells Fargo Bank, N.A.*, 713 F. Supp. 3d 420 (N.D. Ohio 2024) (explaining FDCPA's definition of "debt collector" and holding that plaintiff failed to state a claim that bank qualified as such).

Like creditors, mortgage loan servicers are ordinarily not FDCPA "debt collectors" because the term does not include debt collection activity "concern[ing] a debt which was not in default at the time it was obtained." *Zinetti v. Deutsche Bank Natl. Trust Co.*, No. 19-1279, 2022 U.S. Dist. LEXIS 137655, 2022 WL 3081446, at *7 (D. Del. Aug. 3, 2022) *(quoting 15 U.S.C. § 1692a(6)(F)(iii)).*[4] *See also Adelson v. Ocwen Loan Servicing, LLC,* No. 20-2204, 2023 U.S. App. LEXIS 2600, 2023 WL 1305100, at *7 (6th Cir. Jan 31, 2023) ("A mortgage servicer can be a 'debt collector' if it 'acquired a debt in default or has treated the debt as if it were in default at the time of acquisition.'" (citations omitted).

Although the complaint has several paragraphs stating that Banco Popular is a loan servicer in general and for the Plaintiff's Consumer Debt, the complaint fails to state when Banco Popular

---

[4] 15 U.S.C. § 1692a(6)(F)(iii)("concerns a debt which was not in default at the time it was obtained by such person").

became a mortgage loan servicer for the Plaintiff's debt. There are contradictory statements in the complaint about whether the Consumer Debt was in default. More importantly, for a mortgage servicing company to be considered a debt collector for purposes of FDCPA the Consumer Debt had to be in default at the moment in which the servicing company acquired the debt. It is unclear if the Plaintiff was in default at the time that Banco Popular began servicing his Consumer Debt inasmuch the complaint fails to make any factual allegation as to any debt that Plaintiff may have with Ginnie Mae I and to make any factual allegation regarding Plaintiff's default with Ginnie Mae I debt, such as the amount of default and time period of default when Banco Popular acquired the servicing rights.

Considering these ambiguities, the court orders the Plaintiff, within 14 days, to amend the complaint to make a more definite statement, pursuant to Fed. R. Civ. P. 12(e), made applicable by Fed. R. Bankr. P. 7012, providing factual allegations as to Plaintiff's debt with Ginnie Mae I and/or Banco Popular and factual allegations as to the amount and time period of Plaintiff's default with said debt when Banco Popular de Puerto Rico acquired the servicing rights.[5] Failure to comply with this order may result in the dismissal of the case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of July 2026.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge

---

[5] Courts have at times *sua sponte* ordered a more definite statement when the complaint is vaguely pleaded. If the issue of a more definite statement is not raised by the defendant, the court can strike a complaint and order a more definite statement on its own initiative. O'Connor's Federal Rules, Civil Trials, Ch. 3-H § 2.2 (2025 ed.)(referring to *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008). Moore's Federal Practice, § 12.36 *(Matthew Bender 3d ed.)* ("Because of its potential usefulness ... courts will occasionally order a more definite statement *sua sponte*, which they have the freedom to do.").

-5-